UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

LOUIS HENRY, JR.,

                    Defendant.
_____/

Criminal No. 08-cr-20234

Hon. Mark A. Goldsmith
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR ATTORNEY AND SENTENCE REDUCTION (DKT. 19)

### I.  INTRODUCTION

In this criminal case, Defendant Louis Henry, Jr. seeks a sentence reduction in light of the Sixth Circuit's decision in United States v. Blewett, 719 F.3d 482 (2013).  The Government, at the Court's request, filed a response (Dkt. 21).  Because the Court concludes that Defendant is not entitled to a sentence reduction, the Court denies Defendant's motion.

### II.  BACKGROUND

Defendant pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841, in July 2008.  Plea Agreement (Dkt. 16).  The plea agreement stipulated that Defendant sold cocaine base on November 30, December 5, and December 13, 2007 in the quantities of 1.59 grams, 1.8 grams, and 4 grams respectively.  Id. at 2.

According to the plea agreement, the base offense level for this quantity of cocaine base was 24.  After adjustments, Defendant faced an offense level of 21.  See id., Worksheet A (CM/ECF 10, 13 of 16).  However, given Defendant's past criminal conduct, the plea agreement required a sentence based on the career offender guidelines, which provided an offense level of

1

29 after adjustments. Id., Worksheet D (CM/ECF 13 of 16). Defendant also was placed in criminal history category VI. Id. Therefore, the agreement specified a sentencing range of 151-188 months based on his career offender status. Id. Defendant was sentenced to 151 months, the bottom of the guidelines, in November 2008. Judgment (Dkt. 18).

In 2010, the Fair Sentencing Act ("FSA") became law. Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack offenses under 21 U.S.C. § 841. Correspondingly, the Sentencing Commission amended the U.S. Sentencing Guidelines Manual (U.S.S.G.), promulgating Amendments 750 and 759. Amendment 750 lowered the base offense levels for cocaine base or "crack" offenses in U.S.S.G. § 2D1.1.

### III. ANALYSIS

Defendant now requests that the Court reduce his sentence in light of the Sixth Circuit's decision in United States v. Blewett, 719 F.3d 482 (2013). In that case, a panel for the Sixth Circuit initially concluded that the FSA should be applied retroactively based on equal protection grounds. Id. at 490. That decision subsequently was vacated. A new decision was issued by an en banc panel on December 3, 2013, which held that the FSA did not apply retroactively. The decision did not resolve whether the Commission's guideline amendments could apply retroactively in light of the FSA. Blewett, -- F.3d --, 2013 WL 6231727, at **3, 6 (6th Cir. Dec. 3, 2013) (assuming "for the sake of argument that the Commission indeed had such authority and thus permissively made the guidelines retroactive for individuals previously sentenced").

However, even applied retroactively, the new Sentencing Guidelines amendments — i.e., Amendment 750 as relevant here — do not apply to the instant case. The amendments do not permit a sentence reduction if they "do[] not have the effect of lowering the defendant's applicable guideline range" because of the operation of another guideline. U.S.S.G.

§1B1.10(a)(2)(B); see also U.S.S.G. § 1B1.10 cmt. n.1(A). "A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range." United States v. Tillman, 511 F. App'x 519, 521 (6th Cir. 2013) (citing United States v. Williams, 607 F.3d 1123, 1125-1126 (6th Cir. 2010)); see also United States v. Drewery, -- F. App'x --, 2013 WL 4054935, at *4 (6th Cir. Aug. 13, 2013) ("[W]e have concluded that a defendant sentenced as a career offender under U.S.S.G. § 4B1.1 is ineligible for a reduction because his sentence was not 'based on' the crack cocaine guidelines in § 2D1.1.); United States v. Thomas, No. 10-20287, 2013 WL 4799053, at *2 (E.D. Mich. Sept. 9, 2013) (same). Therefore, because Defendant's sentence was based on the career offender guidelines, a sentence reduction is not appropriate.

## IV. CONCLUSION

The Court denies Defendant's motion for a sentence reduction (Dkt. 19). Correspondingly, the Court denies Defendant's request for an attorney as moot (Dkt. 19).

SO ORDERED.

Dated: December 11, 2013　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 11, 2013.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager

3